ROBERT W. BADGELY v. THE COMMISSIONERS OF HAMILTON COUNTY, ET AL.

Where real estate of a non-resident has been taken by the county commissioners for public use as a county road, and it appears that the owner has not been notified, either according to law, or in fact, of the proceedings for its condemnation, the action of the county commissioners,

as to him, is void, and he may maintain his action against them for the recovery of the compensation to which he may be entitled.

GENERAL TERM.—This case was reserved, at special term, for hearing before all the judges sitting in general term, upon the questions arising on a demurrer, filed by the county commissioners, to the *sufficiency* of the plaintiff's petition to sustain his action as against the county.

The petition sets forth that the plaintiff was the owner, in fee, of a certain tract of land, situate in Hamilton county, as in petition described; that, during the year 1855, the plaintiff resided in, and was a citizen of, the State of Tennessee; that, on the 15th of September, in said year, during the absence of the petitioner as aforesaid, the commissioners of the county established and opened a county road through the land, without giving any notice to plaintiff, as required by law, and without any knowledge, in fact, on the part of the plaintiff, of their intention to establish and open the same; that plaintiff had no notice of such proceedings until about the latter part of December, or first of January following, and had, therefore, no opportunity of claiming damages for any injury which might be done to said property, by the establishing and opening of said road. It then averred special damage, arising to plaintiff from the destruction of crops, fences, and other parts of the premises, by the establishing and opening of said road, and for the appropriation of the plaintiff's land thereby, amounting in all, to $3,225.

*Corwin & Probasco*, for plaintiff.

*Tilden, Rairden & Curwen*, for county commissioners.

*Moore & Snyder*, for other defendants.

SPENCER, J., delivered the opinion of the court.

Section 19 of article 1 of the constitution of Ohio provides that private property may be made subservient to public use, for the making and repairing of roads, etc., provided a compensation therefor, in money, be made to the

owner, without deduction for benefits to other property. When taken, therefore, by the public, or by any corporation of a public character, it must be paid for by the public, or corporation standing in its place, unless some other provision is made by law for such compensation. The taking of private property, for the purpose of making roads, is, by this article, expressly declared to be an appropriation of it for public use, which must be paid for to the owner; and it necessarily presumes that, whenever the law authorizes such appropriation, it must provide the means by which compensation is to be made. If no such means be provided, or if those which are provided be disregarded, the party injured has his redress by action against the body corporate, whether municipal or private, making such appropriation. 16 Ohio, 181, 188, *The City of Cincinnati* v. *Coombs.*

By an act entitled "an act for opening and regulating roads and highways," 3 Curwen, 2105, power is given to the commissioners of counties to lay out, establish, open, and keep in repair, county roads; and, for that purpose, to take such property of the citizen as may be necessary; and, in order to provide compensation to the citizen injured, it declares, in section 5, that notice shall be given to the owner, or owners, through whose land any road is proposed to be laid out, whether resident or non-resident, of the application to lay out such road, and of the time and place where the viewers shall meet to assess damages to such owners as may make claim therefor; and, by section 8, it declares that the damages, which may be assessed, shall be paid out of the county treasury, unless the commissioners consider the road of not sufficient importance to the public so to order; in which case, they may refuse to establish the same as a highway, unless the damages are paid by the petitioners desiring the same. But, by section 6 of the act, it is provided that no damages shall be assessed in favor of any owner, or owners, unless he, or they, *having notice* as aforesaid, shall appear before the board of viewers, and lay claim thereto; and, by section 7, it is provided that, whenever such road is established, the com-

missioners shall issue their order to the proper supervisor, or supervisors, directing the same to be opened.

When established and opened, the road, for the purposes of the easement, becomes the property of the county. Now, it is manifest, that if the commissioners fail, in any case, to see that steps are taken to provide for the assessment of damages to parties injured, who may desire to lay claim thereto, and, in consequence, fail to make provision for payment of such damages, by charging the same to the petitioners for the road, they must be presumed to have consented that the same shall become a charge upon the county treasury, according to section 8 of the act above cited; or, if not, then the county, receiving the benefit of such road, should pay for the cost of obtaining it.

In the present case, the petition shows that a county road has been laid out, established, and opened, by the county commissioners, through the lands of the plaintiff, whereby he has sustained great damage; that, at the time of establishing and opening the same, the plaintiff had no notice of their intention so to do, and therefore had no opportunity of making any claim for such damages, prior to such opening; and that he has not, in fact, received any compensation therefor. This, undoubtedly, makes out a *prima facie* case for a recovery against those receiving the benefit of the appropriation; i. e., the county at large—the act being done by those having proper authority to act in the premises for the county.

How far, or to what extent, the decisions of the county commissioners, in the matter of establishing or vacating a county road, may be regarded as of a judicial character, to be reviewed (formerly on *certiorari*, now) by petition in error, does not, and can not, affect the present controversy. So far as the plaintiff is concerned, he was, in no sense, a party to the proceedings, or to the judgment. He has not had his day in court; and, as to him, the judgment or decision of the commissioners is absolutely void; it is not merely erroneous; and he is not, therefore, compelled to resort to his action to reverse the proceedings.

The whole case may be summed up thus: The property of the plaintiff has been taken and appropriated to the use of the county, by its properly authorized agents, and for a lawful purpose. It has been thus taken without the plaintiff's consent, and without being paid for. The law says it shall be paid for, and has provided a remedy; but the special remedy thus provided has failed the plaintiff, without fault on his part. He is, therefore, remitted, of necessity, to his action against the county, as at common law, for the damages he has sustained; *City of Cincinnati,* v. *Coombs,* already cited.

The demurrer will be overruled, and the case remanded to special term, for further proceedings.